[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON DEFENDANTS' NOVEMBER 6, 1996 REQUEST TO REVISE ANDPLAINTIFFS' NOVEMBER 22, 1996 RESPONSES AND OBJECTIONS TODEFENDANTS' REQUEST TO REVISE
Having considered the written submissions of the parties and heard argument on December 6, 1996, the Court rules as follows in connection with Defendants' November 6, 1996 Request to Revise and Plaintiffs' November 22, 1996 Responses and Objections to Defendants' Request to Revise. The Court notes that on December 6, 1996 it granted without objection Plaintiffs' November 26, 1996 Request for Leave to Amend Complaint.
I. Separation of Causes of Action
A. Defendants' request that the entire complaint be revised in order to separate causes of action which are presently combined is granted in part and denied in part. The factual and legal issues relating to claims made by the various categories of plaintiffs are somewhat different, notwithstanding the fact that this case is proceeding as a class action. Separating these claims into different counts will clarify the complaint; permit clearer analysis of the legal and factual issues presented; and frame the issues with greater clarity in light of future anticipated motions and pleadings. Requiring the revisions will not, in the Court's view, require plaintiffs to change the legal and factual theories of their case, as plaintiffs claim. See Practice Book Section 147.
Within 30 days, plaintiffs shall file an amended complaint setting out in four separate, distinct counts allegations made CT Page 6688 concerning plaintiffs with cases in the J.D. and the G.A. courts; in the juvenile courts; in the civil courts (relative to habeas corpus claims); and allegations made concerning special public defenders. Each count shall separately set out the factual allegations relied upon and the legal basis for the same.
II. Names of Defendants
A. Defendants' request that plaintiffs revise the caption of the case to identify the current members of the Public Defender Services Commission who are sued in their official capacities is denied as moot, in light of plaintiffs' agreement to do so.
III. Class Action Allegations
A. Defendants' request that the class action allegations of the complaint be revised or deleted is denied in light of the Court's November 1, 1996 ruling certifying this case as a class action.
IV. Courtroom Conditions
A. Defendants' request that plaintiff revise the complaint by eliminating any reference to court house facilities is denied as moot to the extent that it relates to courtrooms, in light of plaintiffs' agreement to delete any references to courtrooms.
B. Defendants' request that plaintiffs otherwise delete specific paragraphs relating to office and court conditions is denied without prejudice to defendants renewing this claim at a later time in the case pursuant to a motion to strike or other appropriate motion. The parties are ordered to discuss these paragraphs in an attempt to reach a resolution.
Douglas S. Lavine Judge, Superior Court